**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MILDRED STRICKLAND,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:15-1028** |
| **v.** | : | **(JUDGE MANNION)** |
| **COMMONWEALTH OF PENNSYLVANIA and ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : : | |
| **Respondent** | : | |
| | : | |

**MEMORANDUM**

Pending before the court is the report of United States Magistrate Judge Martin C. Carlson, which recommends that the instant action be transferred to the United States District Court for the Eastern District of Pennsylvania. (Doc. 4). The petitioner has filed no objections to the report. Upon review of the report and related materials, the report of Judge Carlson will be adopted in its entirety.

By way of relevant background, on May 27, 2015, the petitioner, currently an inmate at the State Correctional Institution, Cambridge Springs, Pennsylvania, filed the instant action in which she challenges her conviction for murder in the first degree in Philadelphia County, Pennsylvania. (Doc. 1).

Along with her petition, she filed a motion for leave to proceed *in forma pauperis*. (Doc. 2).

By report dated June 1, 2015, Judge Carlson recommended that the petition be transferred to the Eastern District of Pennsylvania where the petitioner was convicted and sentenced and where venue would therefore be proper. (Doc. 4). The petitioner has filed no objections to Judge Carlson's report.

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As indicated by Judge Carlson, 28 U.S.C. §2241(d) specifies the place

wherein habeas petitions should be filed:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court wherein such person is in custody or in the district court for the district in within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

In this case, the petitioner is housed in the Western District of Pennsylvania and challenges her conviction in the Eastern District of Pennsylvania. As discussed by Judge Carlson, since the offense, state prosecution, and sentencing all took place in the Eastern District of Pennsylvania, it would be in the interest of justice to transfer this action to the Eastern District. 28 U.S.C. §2241(d). In fact, it has been the custom of the three federal judicial districts in Pennsylvania to transfer petitions of this type to the district of conviction for substantive habeas proceedings. (Doc. 4, p. 4) (string cite omitted). The Third Circuit has further endorsed this course of action. See In re Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001). Moreover, as noted by Judge Carlson, such transfer (as opposed to dismissal of the action) would avoid any unintended prejudice to the petitioner.

The court has reviewed the recommendation of Judge Carlson. Because the court agrees with the sound reasoning that led Judge Carlson to the conclusion in his report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall issue.

As a final matter, although not discussed by Judge Carlson, the petitioner has pending before the court a motion to proceed *in forma pauperis*. This motion is best ruled upon by the receiving court. As such, any decision on the petitioner's motion is held in abeyance until it can be reviewed by the Eastern District.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 2, 2015**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1028-01.wpd